UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY HOLLAND,

    Plaintiff,

v.                          Case No. 3:17-cv-23-J-25PDB

SERGEANT JAMIE W. WILLIAMS et al.,

    Defendants.
_____

**<u>ORDER</u>**

    Before the Court is Plaintiff's "Motion for Injunction [sic] Relief and/or Temporary Restraining Order" (Doc. 50; Motion). Plaintiff requests the Court order the Florida Department of Corrections (FDOC) to provide necessary medical treatment for him by transferring him somewhere other than Regional Medical Center (RMC), which is where he was beaten by officers in 2015. <u>See</u> Motion at 2. Plaintiff concedes the FDOC has not denied him medical care. <u>Id.</u> at 1. Rather, on three occasions, Plaintiff refused to be sent to RMC to receive medical treatment because he fears for his safety if sent to that correctional institution. <u>Id.</u>

    Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d

1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. First, Plaintiff asserts no facts suggesting he faces an imminent threat of harm. Rather, the asserted injury is remote and speculative. See Siegel, 234 F.3d at 1176. Plaintiff

2

simply alleges he fears being harmed if sent to RMC where he was beaten nearly five years ago. He provides no facts, however, suggesting his fears are warranted. Second, Plaintiff's motion is based entirely upon incidents that occurred after he filed the operative complaint (Doc. 14; Compl.) and involves individuals who are not Defendants in this action. For instance, in his complaint, Plaintiff asserts claims against three corrections officers at RMC for an alleged beating that occurred on January 11, 2015. See Compl. at 5. In his Motion, however, Plaintiff complains about a current medical treatment plan by officials at Santa Rosa Correctional Institution. See Motion at 1-2. See Kaimowitz, 122 F.3d at 43 (holding the district court did not err in denying a motion for preliminary injunction that sought relief on a claim not raised in the pleadings).[1]

Third, in his Motion, Plaintiff asks the Court to order FDOC to transfer him to an institution other than RMC for his medical treatment. This Court may not take such action. Courts generally will not interfere in matters of prison administration, including an inmate's location of confinement. See Bell v. Wolfish, 441 U.S.

---

[1] Even if some of the medical conditions for which Plaintiff now requires treatment are related to the 2015 incident involving Defendants in this case, Plaintiff's request for injunctive relief is not connected to the issues in this suit. While Plaintiff states in the "Injuries" section of his complaint that he "didn't receive adequate medical attention," he does not assert such a claim against Defendants. See Compl. at 5.

520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Finally, it is unclear whether Plaintiff sought relief through the prison grievance process to address his safety concerns about being sent to RMC. Plaintiff should know that an inmate's attempt to bypass proper procedures is relevant to a court's consideration of a request for injunctive relief. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

Not only does Plaintiff fail to meet the substantive prerequisites for injunctive relief, he fails to comply with this Court's Local Rules, which require that a motion for injunctive relief (1) be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury; (2) describe precisely the conduct sought to be enjoined; and (3)

include a supporting memorandum of law. <u>See</u> M.D. Fla. R. 4.05(b)(1)-(4), 4.06.

For these reasons, Plaintiff's Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c: Danny Holland, #Y40185
   Counsel of Record