UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY HOLLAND,

        Plaintiff,

v.

        Case No. 3:17-cv-23-MMH-PDB

SERGEANT JAMIE WILLIAMS,
et al.,

        Defendants.

## **ORDER**

### **I. Status**

Plaintiff Danny R. Holland, while an inmate of the Florida penal system,[1] initiated this action on January 9, 2017, by filing a pro se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint (Doc. 8) on August 11, 2017, and a Second Amended Complaint (SAC; Doc. 14) with an attachment (Doc. 14-1) on January 4, 2018. In the SAC, Holland asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Jamie Williams, Brian Forbes, and Lesley Johns.[2] He asserts that Defendants violated his federal constitutional rights when Defendant Williams, along with four inmates,

---

[1] The Florida Department of Corrections released Holland on February 3, 2020. See http://www.dc.state.fl.us/offenderSearch/detail.aspx.

[2] See Order (Doc. 29) (correcting the names of the Doe Defendants).

physically assaulted Holland on January 11, 2015, at the Reception and Medical Center (RMC); Forbes made comments and failed to intervene to stop the assault; and Johns told Holland the next day that she would lock him up if he left the dormitory. See Doc. 14-1 at 1-4. Holland states that he suffered head, lower spine, rib, and right leg injuries as a result of the assault. See SAC at 5. As relief, he requests monetary damages, "proper medical treatment," and a release from the Florida Department of Corrections (FDOC). Id.

This matter is before the Court on Defendants Forbes and Johns' Motion for Summary Judgment (Motion; Doc. 75). They submitted their own Declarations in support of the Motion. See Docs. 75-1, Declaration of Brian Forbes (Forbes Decl.); 75-2, Declaration of Lesley Johns (Johns Decl.). The Court advised Holland of the provisions of Federal Rule of Civil Procedure 56, notified him that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Order (Doc. 29). Holland filed a response in opposition to the Motion. See Amended Motion; Response to Defendants' Motion for Summary Judgment; Affidavit in Support of Claim (Response; Doc. 78). The Motion is ripe for review.

## II. Plaintiff's Allegations[3]

Holland asserts that, on January 11, 2015, at approximately 9:30 p.m., Defendant Williams choked and beat Holland in RMC's L dormitory because Holland helped inmate Wagner with his legal work. See Doc. 14-1 at 1-4. According to Holland, Defendant Forbes made comments about Holland and watched Defendant Williams and four inmates hit and kick Holland. See id. at 1. Holland states that the following morning, Defendant Johns told Holland and inmate Wagner that she would lock them up if they left the dormitory "for any reason," including for chow. Id. at 3. He avers that the RMC Inspector removed him from the dormitory and placed him in a confinement cell where he stayed for one month until the FDOC transferred him to Santa Rosa Correctional Institution. See id. at 3-4.

## III. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rules(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents,

---

[3] The recited facts are drawn from the SAC.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).[4] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

---

[4] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable.

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). "Summary judgment is improper, however, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 720 (11th Cir. 2019) (quotation marks and citation omitted).

## IV. Summary of the Arguments

In the Motion, Defendants Forbes and Johns maintain that there are no genuine issues of material fact, and therefore, the Court should grant summary judgment in their favor as to Holland's Eighth Amendment claims against them. See Motion at 6-7. They state that Holland's allegations that they verbally abused or threatened him fail to state a cognizable constitutional claim. See id. Additionally, Defendant Forbes maintains that he "has never failed to intervene while witnessing" an excessive-use-of-force incident, and therefore is entitled to summary judgment in his favor. Id. at 7.

In his Response, Holland asserts that Defendants are not entitled to summary judgment in their favor. See Response at 7-8. He states that there are eyewitnesses to the incident, and the Inspector General's investigative reports "provide details of the incidents alleged with great detail." Id. at 7. According to Holland, he knows the whereabouts of eyewitnesses, and asks that the Court "include additional witnesses as their whereabouts become known" so he can "further corroborate" his claims. Id.

## V. Analysis[5]

In his SAC, Holland contends that Defendants Williams, Forbes, and Johns violated his First, Fourth, Eighth, and Fourteenth Amendment rights. See SAC at 3. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002) (citation omitted); see Crocker v. Beatty, 995 F.3d 1232, 1243-44 (11th Cir. 2021). The Eighth Amendment provides a freedom from cruel and unusual punishments, and it "serves as the primary source of protection against excessive force after conviction." Piazza v. Jefferson Cnty., Ala., 923 F.3d 947, 952 (11th Cir. 2019) (citations omitted). And, the Fourteenth Amendment "protects those who exist in the in-between—pretrial detainees." Id. Here, Holland asserts (and Defendants do not dispute) that he was a "[c]onvicted and sentenced state prisoner" when the alleged excessive force occurred. SAC at 4.

---

[5] For purposes of summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff. Thus, the facts described in the Court's analysis may differ from those that ultimately can be proved.

As such, the Court will analyze Holland's claims relating to the alleged assault and failure to intervene under the Eighth Amendment.

According to Holland, Defendant Forbes made comments about Holland as Forbes watched Defendant Williams and four inmates assault Holland. See Doc. 14-1 at 1. Additionally, Holland states that after the assault, Defendant Johns told Holland that she would lock him up if he left the dormitory. See id. at 3. Defendants Forbes and Johns maintain that they are entitled to summary judgment as to Holland's claims against them and submitted declarations in support of their position. In his Declaration, Defendant Forbes denies any involvement in the January 11, 2015 alleged assault on Holland, stating in pertinent part:

> I am aware that I have been named as a Defendant in the above styled lawsuit filed by former inmate Danny Holland, as a result of an alleged assault on him at the RMC Main Unit on or about Jan[uary] 11, 2015.
>
> Mr. Holland alleges that I witnessed a physical assault on him on or about that date, by both former Sgt. Jamie Williams and several unidentified inmates.
>
> He alleges that I stood by, watched, and failed to intervene to stop the assault.
>
> I categorically deny those allegations.
>
> I do not, and did not at any time in January 2015 or otherwise, know former inmate Danny Holland.

> I never observed Danny Holland being abused or beaten by any correctional officer or other inmate.
>
> I have never failed to intervene while witnessing an excessive use of force incident.
>
> Nor have I ever failed to report an incident where an inmate had physical injuries which were otherwise not reported.
>
> Nor have I ever ordered or directed any correctional officer or inmate to abuse any other inmate.
>
> Accordingly, I deny that I violated Danny Holland's constitutional rights in any manner on J[anuary] 11, 2015[,] or at any time.

Forbes Decl. at 1-2 (enumeration omitted). Additionally, in her Declaration, Defendant Johns states in pertinent part:

> I am aware that I have been named as a Defendant in the above styled lawsuit filed by former inmate Danny Holland, as a result of an alleged assault on him at the RMC Main Unit on or about Jan[uary] 11, 2015.
>
> Mr. Holland alleges that after an incident wherein he was assaulted by former Sgt. Jamie Williams and other inmates, I came into his dormitory and told him he could not leave the dormitory for any reason, or I would ["]lock him up.["]
>
> I have no recollection of Danny Holland, or of any conversation I may have had with him, regarding the alleged incident at issue, or any other matter.

9

> Additionally, I deny that I ever physically abused Danny Holland on or about January 11, 2015, or witnessed any correctional officer or other inmate physically abuse him.
>
> Accordingly, I deny that I violated Danny Holland's constitutional rights in any manner on J[anuary] 11, 2015[,] or at any time.

Johns Decl. at 1-2 (enumeration omitted).

To defeat the Motion, Holland is required to present evidence to show that there is a genuine issue for trial. In opposing Defendants' Motion, Holland asserts that "[t]he brutal details outlined in [his Declaration] preclude the entry of summary judgment in Defendants' favor. See Response at 7-8. In his seven-page Declaration, Holland expands upon the facts he provided in his SAC. See Response at 1-7. He chronicles the days leading up to the January 11, 2015 alleged assault, and asserts that Defendants Williams, Forbes, and Johns conspired to violate his federal constitutional rights.[6] See id. at 1. He asserts that Forbes was present on January 11, 2015, when Williams yelled at Holland and beat him because he had helped inmate Wagner with his legal

---

[6] To the extent Holland asserts that Defendants Forbes and Johns conspired with Defendant Williams to violate Holland's federal constitutional rights, it is improper for Holland to raise new claims through a brief opposing summary judgment. See Williams-Evans v. Advance Auto Parts, 843 F. App'x 144, 150 (11th Cir. 2021) (citation omitted).

10

work. See id. at 3-4, 6. Holland states that Forbes said, "you sure look different now than when you first came in here." Id. at 4. Additionally, he describes Defendant Johns' involvement, stating in pertinent part:

> It was time for the next shift. Officer Lesley Johns entered the dorm and yelled "inmate Terry Wagner, do not leave this dorm for any reason, do not go to chow, I'll lock your ass up." **Then I heard Lesley Johns say "Danny Holland do not leave this dorm, do not go to chow, I'll lock your ass up."** Later, an Official in black clothing came in and yelled, "everyone get on your bunks." I heard him tell Terry Wagner go to the day room. He started walking down the bunk area asking names. As he approached me, I turned my head so he wouldn't see me. He asked the guy in front of me, then as he was at me, he asked the guy behind [me] what's your name, then he said to me, what's your name[.] I just wanted it to all go way[.] I said Holland sir. His reply was to get to the day room. When I was in the day room[,] the Inspector was talking to Terry. Some officers came and took Terry. The inspector asked me questions, then said go to my bunk. After a short time, Officer Lesley Johns came and opened my bunk drawer taking items of mine packing me up. You're going to confinement. I said I've done nothing wrong. It's for your own good. I was placed in cuffs, and taken to confinement, where I was placed in a shower cell.

Id. at 5 (emphasis added).

As to any alleged verbal abuse (including threatening or demeaning comments) or insulting gestures on the part of Defendants Forbes and Johns, such allegations do not state a claim of federal constitutional dimension.

11

Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam). To the extent Holland alleges that Defendants Forbes and Johns belittled him after the alleged beating, verbal taunts without more do not deprive an inmate of his federal constitutional rights. See Paylan v. Dirks, 847 F. App'x 595, 601 (11th Cir. 2021) (citation omitted). Nor can Holland's assessment of Forbes' comment about Holland's appearance support "an inference of deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) ("It is not a violation of the Eighth Amendment for a prison physician to consult with a prisoner concerning a medical condition in an aloof or unfriendly way. Much more is required.") (citation and footnote omitted). As such, Defendants' Motion is due to be granted as to Holland's verbal abuse claims against Defendants Forbes and Johns.

As to Holland's failure-to-intervene claim against Defendant Forbes, the law is well-established that a corrections officer has a duty to intervene when he witnesses a fellow officer's use of excessive force against an inmate and is in a position to intervene. See Helm v. Rainbow City, Ala., 989 F.3d 1265, 1272 (11th Cir. 2021) (citing Priester v. City of Riviera Beach, 208 F.3d 919, 924-27 (11th Cir. 2000)). "Of course, there also must be an underlying constitutional violation. Plainly, an officer cannot be liable for failing to stop or intervene when there was no constitutional violation being committed." Sebastian v.

Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019) (citations omitted). Notably, a failure-to-intervene claim is "wholly dependent on the underlying excessive force claim." Id. In the instant case, the failure-to-intervene claim against Defendant Forbes necessarily turns on whether Williams choked and hit Holland in Forbes' presence. Because genuine issues of material fact remain as to whether Defendant Forbes saw the alleged beating and could have stopped it, Defendants' Motion is due to be denied as to Holland's failure-to-intervene claim against Defendant Forbes.

### VI. Plaintiff's Request (Doc. 78)

In his Response, Holland asks that the Court "include additional witnesses as their whereabouts become known" so he can "further corroborate" his claims. Response at 7. Preliminarily, the Court notes that a request for affirmative relief is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include such a request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal

authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). Thus, the Court will not entertain Holland's request for relief included in the Response. Holland is advised that, if he wishes to pursue such relief, he is required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Notably, any such motion would likely be due to be denied for undue delay given the age and procedural posture of the case.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants Forbes and Johns' Motion for Summary Judgment (Doc. 75) is **GRANTED** as to Holland's verbal abuse claims against them. Otherwise, the Motion is **DENIED**.

2. The Clerk shall terminate Defendant Lesley Johns and make the appropriate notation on the docket.

3. Plaintiff's request for additional eyewitnesses, see Response at 7, is **DENIED** without prejudice to his right to file an appropriate motion.

4. The parties must confer in good faith to discuss the issues and the possibility of settlement as to Holland's remaining claims against Defendants Jamie Williams and Brian Forbes.[7] **No later than July 29, 2021,** the parties must notify the Court whether they are able to reach a settlement. If the parties are unable to settle the case privately among themselves, they must notify the Court if they wish to have the case referred to a United States Magistrate Judge for a settlement conference. Otherwise, the Court will enter a case management order, set a trial date, and direct the parties to begin trial preparations.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of June, 2021.

MARCIA MORALES HOWARD
United States District Judge

sc 6/21
c:
Danny Holland
Counsel of Record

---

[7] Holland's remaining claims are: (1) First Amendment retaliation claims against Defendants Williams and Forbes; (2) an Eighth Amendment excessive-use-of-force claim against Williams; and (3) a failure-to-intervene claim against Forbes.